NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                                          :
BRACCO DIAGNOSTICS, INC.,                :
                                                          :
      Plaintiff,                              :
                                                          :         Civil No. 06-1066 (AET)
v.                                                        :
                                                          :         **MEMORANDUM & ORDER**
XL SELECT INSURANCE COMPANY,     :
                                                          :
      Defendant.                           :
_____:

THOMPSON, U.S.D.J.

### I. Introduction

This matter comes before the Court on Defendant XL Select Insurance Company's

("XL") motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b).  The Court

considered the submissions of both parties, without oral argument pursuant to Fed. R. Civ. P. 78.

For the following reasons, Defendant's Motion is denied.

### II. Background

On May 15, 2007, the Court awarded partial summary judgment to Plaintiff, finding that

Defendant had a duty to defend Plaintiff in the underlying litigation of  Bracco Diagnostics, Inc.

v. Amersham Health Inc., No. 03-6025 (D.N.J.), and that Defendant had to reimburse Plaintiff

for the costs previously expended on Plaintiff's defense.  Within that opinion, the Court noted

that the question of whether Plaintiff's alleged acts disqualified it from coverage, or converted

Defendant's duty to defend into a duty to reimburse, was an extremely "close-call."  Defendant

now moves for a certificate of appealability to raise that issue with the Third Circuit.

III.  Discussion

A.      Standard

Pursuant to 28 U.S.C. § 1292(b) this Court may certify its May 15, 2007 Order and enable Defendant to take an appeal to the Third Circuit Court of Appeals.  The standard for whether certification is appropriate is whether the decision at issue "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

B.      Advancing the Ultimate Termination of the Litigation

There is no question that there can be substantial grounds for a difference of opinion as to whether the Burd doctrine applies to an insured, who is accused of  Lanham Act violations in an underlying lawsuit, where there have been no allegations of knowing conduct raised against him. Aside from that aspect of the standard for certification, Defendant has failed to show how an appeal, or any potential remedy from an appeal, would "materially advance the ultimate termination of the litigation."  § 1292(b).  In the May 15, 2007 Order, the Court ruled that Defendant was obliged to defend Plaintiff in the underlying litigation and reimburse Plaintiff for defense costs previously incurred.  Regardless of the Third Circuit's potential ruling on appeal, outstanding issues would continue to exist in this litigation.

To determine whether certification will materially advance the ultimate termination of a litigation, a district court should examine whether an immediate appeal would: "(1) eliminate the need for trial; (2) eliminate complex issues so as to simplify the trial; or (3) eliminate issues to make discovery easier and less costly."  I.H. ex rel. Litz v. County of Lehigh, No. 04-CV-3890,

2

2007 WL 1740804, at *3 (E.D. Pa. Jun. 14, 2007) (citing Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994)).  Here, an appeal will not eliminate the need for trial, but rather would potentially make a trial more drawn-out.  Further, discovery would not be minimized.

Because the Court "has no grounds for concluding that the delay involved in appealing this particular issue would materially advance the termination of this litigation," the standard for interlocutory appeal has not been met.  Allstate Ins. Co. v. Canale, No. Civ. A 96-3663, 1998 WL 720166, at *3 (E.D. Pa. Sept. 4, 1998).  Therefore, Defendant's Motion is denied.

IV. CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 30th day of July 2007,

ORDERED that Defendant XL Select Insurance Company Motion for a Certificate of Appealability is DENIED.

s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

3