NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRACCO DIAGNOSTICS, INC., : | |
| : | |
| Plaintiff, : | |
| : | Civ. No. 06-1066 (AET) |
| v. : | |
| : | **MEMORANDUM AND ORDER** |
| XL SELECT INSURANCE CO., : | |
| : | |
| Defendant. : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on Plaintiff Bracco Diagnostics, Inc.'s Motion for Reconsideration [82]. The Court considers Plaintiff's Motion for Reconsideration pursuant to Local Civil Rule 7.1(I). The Court has decided these motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is denied.

BACKGROUND

On October 26, 2007, Plaintiff Bracco filed a Motion to Enforce asking the Court to enter a judgement of ten million dollars against Defendant XL as reimbursement for covered defense costs that Plaintiff claims to have paid to defend the counterclaim in the underlying action, Bracco v. Amersham. On February 14, 2008, the Court held oral argument on Plaintiff's Motion to Enforce. On February 25, 2008, the Court submitted an Order denying Plaintiff's motion based upon a ruling announced after the February 14, 2008 oral argument. The February 25,

2008 Order adjudged that Plaintiff should dissect the legal bills associated with the underlying case and determine what costs were defensive, as opposed to offensive. On March 10, 2008, Plaintiff filed this Motion for Reconsideration.

DISCUSSION

A.    <u>Standard of Review</u>

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citing <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." <u>Brackett v. Ashcroft</u>, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

B.    <u>Plaintiff's Motion for Reconsideration</u>

The Court incorporates the February 25, 2008 Order [81], which denied Plaintiff's Motion to Enforce. In its Motion for Reconsideration, Plaintiff argues that the February 25, 2008 Order is inconsistent with New Jersey Supreme Court precedent, and that this Court is required to follow <u>Hebela v. Healthcare Insurance Co.</u>, 851 A.2d 75 (N.J. Super. Ct. App. Div. 2004).

Plaintiff's arguments do not indicate an intervening change in the controlling law or the availability of new evidence that was not previously available, therefore the Court will analyze whether there is the need to correct a clear error of law or fact or to prevent manifest injustice.

Plaintiff argues that this Court is required to follow <u>Hebela</u> under the <u>Erie</u> doctrine. However, under the <u>Erie</u> doctrine, this Court is only bound by New Jersey Supreme Court cases. "The highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted." <u>West v. American Tel. & Tel. Co.</u>, 311 U.S. 223, 236 (1940). Moreover, "a federal court under <u>Erie</u> is bound to follow state law as announced by the highest state court. If the highest court has not spoken to the issue, we can garner assistance from the decisions of the state's intermediate appellate courts in predicting how the state's highest court would rule." <u>Edwards v. Hovensa, LLC</u>, 497 F.3d 355, 361 (3d Cir. 2007).

Plaintiffs argue that the New Jersey Supreme Court, in <u>SL Industries, Inc. v American Motorists Insurance Co.</u>, 607 A.2d 1266 (1992), has already set forth the circumstances and rules regarding allocation of legal fees and costs when an insurance company has a duty to defend. Plaintiff maintains that "when the defense costs cannot be apportioned, the insurer must assume the cost of the defense for both covered and non-covered claims." <u>SL Industries</u>, 607 A.2d at 1280. Plaintiff therefore argues that this language indicates that the burden to allocate which costs are attributable to the defensive claims, and which costs are attributable to the offensive claims should be on Defendant.

However, this case differs from <u>SL Industries</u> in both the types of claims involved, and

the manner in which the entire underlying action was initiated. In SL Industries, the court was faced with deciding whether or not claims were based on statutory violations, or violations of the company's personal injury policy. Moreover, the insured did not commence the litigation in the matter. Contrarily, the Court here, is faced with a situation in which Plaintiff itself commenced the initial underlying action and as a result, was faced with a counterclaim from Amersham. Under the policy, Defendant is not bound to cover the legal costs of the initial offensive claim brought by Plaintiff, but only those costs associated with the counterclaim. In this type of case, under the factual circumstances, equity demands that Plaintiff dissect the bills and determine the allocation of costs. Therefore, the Court does not find a need to correct a clear error of law or fact or to prevent manifest injustice under the motion for reconsideration standard.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 11th day of April 2008,

ORDERED that Plaintiff's Motion for Reconsideration [82] is DENIED.

                                                s/ Anne E. Thompson
                                         ANNE E. THOMPSON, U.S.D.J.